Slip-Op. 07-69

UNITED STATES COURT OF INTERNATIONAL TRADE

| | : | |
|---|---|---|
| SALMON SPAWNING & RECOVERY ALLIANCE, *et al.*, | : : : | |
| Plaintiffs, | : : | Before: Judith M. Barzilay, Judge |
| v. | : : | Court No. 06-00191 |
| W. RALPH BASHAM, *et al.*, | : : | |
| Defendants. | : : | |

MEMORANDUM ORDER

[Plaintiffs' motion for reconsideration is denied.]

*Heller Ehrmann LLP*, *Eric Redman* and (*Svend Arnold Brandt-Erichsen*) for Plaintiffs Salmon Spawning & Recovery Alliance, Native Fish Society, and Clark-Skamania Flyfishers.

*Peter D. Keisler*, Assistant Attorney General; (*Jeanne E. Davidson*), Director; (*Stephen C. Tosini*), Commercial Litigation Branch, Civil Division, United States Department of Justice for Defendants United States Customs & Border Protection, Dirk Kempthorne, United States Department of Interior, United States Fish & Wildlife Service, Carlos M. Gutierrez, United States Department of Commerce, D. Robert Lohn, National Oceanic & Atmospheric Administration National Marine Fisheries Service, Deborah J. Spero, and H. Dale Hall.

Dated: May 9, 2007

**BARZILAY, JUDGE:**  Plaintiffs in the above captioned matter move pursuant to USCIT Rule 59(a)(2) to have this court reconsider its judgment in *Salmon Spawning & Recovery Alliance v. Basham*, No. 06-00191, 2007 WL 666464 (CIT Mar. 6, 2007), granting Defendants' motion to dismiss.[1]  For the reasons discussed below, Plaintiffs' motion for reconsideration is denied.

---

[1] Familiarity with *Salmon Spawning & Recovery Alliance*, 2007 WL 666464, is presumed.

Court No. 06-00191                                                                                              Page 2

## I. Standard of Review

The disposition of a motion for reconsideration lies within "the sound discretion of the court." *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 336, 601 F. Supp. 212, 214 (1984). A court generally will grant such a motion only to "rectify[] a significant flaw in the conduct of the original proceeding." *Id.* (quotations & citation omitted). Specifically,

> [a] rehearing may be proper when there was: (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*Id.* at 336–37, 601 F. Supp. at 214. A motion for reconsideration will not be granted merely to give a losing party another chance to re-litigate the case or present arguments it previously raised. *See id.* at 337, 601 F. Supp. at 214.

## II. Plaintiffs' Contentions

Plaintiffs set forth various arguments in support of their motion. First, they claim that the court misconstrued the first claim in their complaint as an assertion that Customs is violating 16 U.S.C. § 1538, Section 9 ("§ 9") of the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq.* Pls.' Mot. Reh'g & Recons. J. 2 ("Pls. Mot."). Rather, they aver that their claim was that Customs is violating its duties under Section 7 ("§ 7"), *id.* § 1536, by allowing others to import threatened salmon. Pls. Mot. 2. Plaintiffs also contend that the applicability of § 7(a)(2)'s consultation requirement does not turn upon "whether an agency's conduct is characterized as an affirmative action or a failure to act." Pls. Mot. 5. In the alternative, Plaintiffs construe Customs' failure to enforce § 9 as "'actions' within the meaning of the ESA" sufficient to trigger § 7(a)(2). Pls. Mot. 7.

Court No. 06-00191                                                              Page 3

### III. Discussion

Though Plaintiffs maintain that their first claim dealt with Customs' violation of § 7(a)(2), after several careful reviews of the complaint, the court has determined that a reasonable person would conclude that Plaintiffs sought to bring a § 9 claim against Customs. *See* Compl. ¶¶ 41–46. Any confusion over the nature of the claim stemmed from the complaint's inartful drafting rather than the court's misreading of the text. Tellingly, the District Court for the Western District of Washington, which transferred this case to the Court of International Trade, and Defendants also interpreted this claim to "allege that Defendants have violated Section 9 of the Endangered Species Act . . . by allowing the import of threatened and endangered salmon." *Salmon Spawning & Recovery Alliance v. Spero*, No. C05-1878Z, 2006 WL 1207909, at *1 (W.D. Wash. May 3, 2006); *accord* Mot. Dismiss & Resp. Pls.' Mot. J. A.R. 6. Nevertheless, assuming *arguendo* that both Courts and Defendants misconstrued Plaintiffs' first claim, the claim would be subsumed by Plaintiffs' second claim, which asserts that Defendants must undergo the § 7(a)(2) consultation process.[2] *See* Compl. ¶¶ 48–51; *see also* § 1536(a)(2).

Plaintiffs' argument that the applicability of § 7(a)(2) does not depend on whether the disputed agency conduct constitutes action or inaction also does not withstand scrutiny. Ample case law reiterates that "the [§ 7(a)(2)] duty to consult is triggered by *affirmative actions*." *W. Watersheds Project v. Matejko*, 468 F.3d 1099, 1102 (9th Cir. 2006) (emphasis added); *accord*

---

[2] The court need not address Plaintiffs' assertion that the Court has jurisdiction over Defendants' first claim pursuant to 16 U.S.C. § 1540(g)(1)(A) or, in the alternative, the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551–706. *See* Pls. Mot. 4–5. As stated *supra*, if Plaintiffs' first claim indeed concerned Defendants' violation of § 7(a)(2), it would be subsumed by the second claim, rendering this issue moot.

**Court No. 06-00191**                                                                                                                                          **Page 4**

§ 1536(a)(2); *W. Watersheds Project*, 468 F.3d at 1108; *Defenders of Wildlife v. EPA*, 420 F.3d 946, 962 (9th Cir. 2005) ("The two critical factors triggering this [§ 7(a)(2)] obligation are (1) that the 'action' be . . . an action 'authorized, funded or carried out' by the agency; and (2) that there is . . . a direct or indirect effect 'likely to jeopardize the continued existence of any endangered species or threatened species . . . .'") (quoting § 1536(a)(2)), *reh'g denied*, 450 F.3d 394 (9th Cir. 2006), *cert. granted sub nom. Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 127 S. Ct. 852 (2007), *EPA v. Defenders of Wildlife*, 127 S. Ct. 853 (2007). Regulations governing the ESA buttresses this conclusion. *See, e.g.*, 50 C.F.R. § 402.02 ("'Action' means all activities or programs of any kind *authorized, funded, or carried out*, in whole or in part, by Federal agencies . . . .") (emphasis added); *id.* § 402.03 ("Section 7 . . . appl[ies] to all *actions* in which there is discretionary Federal involvement or control.") (emphasis added); *id.* § 402.14(a) ("Requirement for formal consultation. Each Federal agency shall review its *actions* at the earliest possible time to determine whether any *action* may affect listed species . . . .") (emphasis added). Without an affirmative action by Customs, the court cannot compel it to enter consultations pursuant to § 7(a)(2).

## IV. Conclusion

Therefore, upon reading Plaintiffs' motion for reconsideration; Defendants' opposition thereto; and upon consideration of other papers and proceedings had herein, it is hereby

ORDERED that Plaintiffs' motion for reconsideration is denied.


May 9, 2007                                                                                     /s/ Judith M. Barzilay

Dated:_____                                           _____
       New York, NY                                                                              Judge

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                    Deputy Clerk